CHICAGO—FIRST DISTRICT—JANUARY, 1917.    221

Schaefer v. Washington Safety Deposit Co., 203 Ill. App. 221.

# Florence E. Schaefer, Defendant in Error, v. Washington Safety Deposit Company, Plaintiff in Error.

## Gen. No. 22,531.

1. SAFE DEPOSIT COMPANIES, § 1*—*when not presumed to be liable for loss of contents of rented box.* Where money is deposited in a rented safe deposit box under a contract providing that the liability of the depositary is expressly limited to the exercise of ordinary diligence to prevent the opening of the box during the term or any extension or renewal thereof by any person other than the renter or his duly authorized representative, and such opening shall not be inferable from the loss of its contents, the depositary is not presumptively liable from the mere fact that the money was placed in the box and six months afterwards, when the box was opened by the depositor, was not found to be there.

2. SAFE DEPOSIT COMPANIES, § 1*—*when instruction on liability of is erroneous.* In an action against a depositary for the loss of money placed in a rented safe deposit box where it appeared that plaintiff's statement of claim was defective, *held* that it was error for the court to instruct the jury that if they found plaintiff had by preponderance of the evidence made out her case, as alleged in her statement of claim, and if they also found that plaintiff had used ordinary care and diligence in the premises but had failed to meet and overcome such proofs, then their verdict should be for plaintiff.

Error to the Municipal Court of Chicago; the Hon. SAMUEL H. TRUDE, Judge, presiding. Heard in this court at the October term, 1916. Reversed with finding of fact. Opinion filed January 8, 1917.

CHARLES V. BARRETT, for plaintiff in error; JOHN F. HAAS and RAYMOND M. WHITE, of counsel.

M. D. DOLAN, for defendant in error; FREEMAN K. BLAKE, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

The judgment in this case is for $1,250, rendered by the court upon the verdict of a jury after overruling motions for a new trial and in arrest of judgment.

Plaintiff rented a safety deposit box from defendant, in which she alleges she placed in current money $1,250; that the box was under the care, control and management of defendant; that the money was extracted or removed from her box some time between January 2nd and July 11, 1914, without the consent or knowledge of plaintiff and in violation of defendant's contract to safely keep said sum.

By order of court plaintiff filed a copy of her renting contract. Among the rules and conditions appearing as a part of said contract is the following:

"The liability of the company is expressly limited to the exercise of ordinary diligence to prevent the opening of the within mentioned safe during the within mentioned term, or any extension or renewal thereof, by any person other than the renter or his duly authorized representative, and such opening shall not be inferable from the loss of any of its contents."

In defendant's affidavit of defense it denied that plaintiff deposited $1,250 in its safety deposit box as alleged in the statement of claim and denied that that sum or any other sum was extracted or removed from the box without the consent or knowledge of plaintiff, and averred that it had lived up to and carried out all the terms of its contract with plaintiff, and that at all times during the existence of the lease it used all ordinary diligence and care to prevent the opening of plaintiff's box by any person other than plaintiff.

Plaintiff was allowed to file a verified reply to the affidavit of merits of defendant, in which she denied that defendant lived up to or carried out the terms of the contract or that it had used at all times all ordinary diligence and care to prevent the opening of the box during the term of the lease by any person other than plaintiff.

On the pleadings as thus stated, the cause proceeded to trial, with the result above recited.

The cause of action proceeds upon the theory of plaintiff, as outlined in her statement of claim, that defendant is presumptively liable because the money alleged by plaintiff to have been deposited in her box in January was not there in July when she again opened the box. Such is not the presumption of law which obtains in this class of cases; but, if it were, the presumption has been effectively rebutted by defendant's proof. The contract of defendant is to use ordinary diligence to prevent the opening of the box by any person other than plaintiff, and it is further stipulated that such opening shall not be inferable from the loss of any of the contents of the box. This being the contract of the parties, their rights, duties and responsibilities must be admeasured within its terms.

The statement of claim fails to state any cause of action, as defendant's liability must be predicated upon acts on its part which in law would amount to negligence. No negligence of defendant is averred as the primary cause of the alleged loss of plaintiff's alleged money. No act of negligence is alleged against defendant; neither is any act of negligence proven against it. Plaintiff's testimony that she deposited $1,250 in her box in defendant's vault is not only, in our opinion, highly unsatisfactory, but is in some of its aspects open to grave suspicion upon the vital question as to whether the money was in fact ever deposited in the box of plaintiff. In the first place, plaintiff asserts that she received only one key to the box. A preponderance of the evidence demonstrates that she received two keys. Plaintiff's statement that she put $1,250 into the box lacks corroboration. That she had such an amount of money and the source from which she received it are not satisfactorily proven. Plaintiff claims she received $1,500 from her husband and at-

224 APPELLATE COURTS OF ILLINOIS.

Schaefer v. Washington Safety Deposit Co., 203 Ill. App. 221.

tempts to support such contention by the testimony of her husband, who endeavored to account not only for his possession of the money but the source from which he received it. He testified that the one hundred dollar bills which plaintiff claims she deposited in her box were obtained by him from the Washington Park National Bank in exchange for smaller bills. While plaintiff's husband was known at the bank, the tellers repudiated his statement and denied that he ever had any such transaction with the bank or that he received one hundred dollar bills from either teller in exchange for small bills at the time he claims he did, or at any other time.

The case of *Shoeman v. Temple Safety Deposit Vaults,* 189 Ill. App. 316, is pertinent to the instant case both in law and fact. In the *Shoeman* case a thousand dollar bill was involved, and the proof there was, as here, that the money was placed in the box by Shoeman, but when the box was next visited by him it was not there to be found. While the statement of claim in that case alleged negligence, the negligence was not proven. This court, through Mr. Justice McSurely, held that the relation between the parties was that of bailor and bailee, and that as such bailee defendant was bound to exercise ordinary care for the preservation of the property intrusted to it, that such ordinary care was the care a prudent man would take of his own property, and then lays down the following principle of law:

"The defendant was not obliged to prove a condition of perfect safety in the management of the vault, and certainly not a condition beyond any possible speculative theory of insecurity. The case should not have gone to the jury upon the theory that unless the defendant proved its deposit boxes to be absolutely impregnable it would be held negligent. As we have said, the defendant was bound to use only ordinary care, and the evidence shows beyond any question that such a degree of care was exercised."

While it is true that changes were made in the vaults of defendant between January and July, 1914, in the making of which the boxes were removed from one part of the vault to another, yet there is no evidence of any negligent act committed or suffered in the making of such changes and the moving of the boxes. The whole evidence considered, the case rests upon an averment that the money was placed in the box and that six months thereafter, when the box was opened by plaintiff, it was not found to be there, that therefore a case in the nature of *res ipsa loquitur* is made out, fixing liability on defendant without further proof, and thereby placing the burden upon defendant to exculpate itself by proof from the presumption of negligence thus said to obtain. Such, however, is not the law. On this theory the court submitted the cause to the jury, which theory is substantially embodied in instruction number 4.

For the additional reason that no fact is stated in plaintiff's statement of claim entitling her to maintain an action against defendant, it was error for the court to instruct the jury that if they found plaintiff had, by a preponderance of the evidence, made out her case as alleged in her statement of claim, and if they also found that defendant had used ordinary care and diligence in the premises, but had failed to meet and overcome such proof, then their verdict should be for the plaintiff.

As plaintiff has neither stated nor proven a case entitling her to recover in this action, the judgment of the Municipal Court is reversed with a finding of fact.

*Reversed with finding of fact.*

Finding of fact. The court finds from the evidence that plaintiff has not proven defendant to be liable in the manner and form charged in her statement of claim, and, further, that plaintiff has failed to prove any actionable negligence against defendant in the matters set forth in her statement of claim.